UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | CR. NO.: 3:07-1392-CMC |
| ) | |
| v. ) | |
| ) | **OPINION and ORDER** |
| Jeff Eric Chesser, ) | |
| ) | |
| Defendant, ) | |
| _____) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255. The Government responded in opposition to Defendant's motion, moving to dismiss his motion as untimely. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the importance of and requirements relating to a response. Defendant filed a response to the Government's motion on May 5, 2011, and the matter is ripe for consideration.

### BACKGROUND

On November 15, 2007, Defendant was indicted for felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count 1), and knowingly possessing stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 2). On February 4, 2008, pursuant to a written plea agreement, Defendant pleaded guilty to Count 1. On April 17, 2008, Defendant was sentenced to 180 months' imprisonment. The Judgment Order memorializing Defendant's sentence was entered on the docket on April 18, 2008. Defendant did not file a direct appeal of his conviction or sentence.

On August 17, 2009, Defendant filed a motion for extension of time to file a motion for post-conviction relief. Dkt. #36 (filed Aug. 17, 2009). On August 24, 2009, the court denied Defendant's motion, noting that it had no authority to "extend" the statutory deadline contained in

28 U.S.C. § 2255, and expressing no opinion whether equitable tolling might apply to a later-filed motion to vacate. Order at 2 (Dkt. #37, filed Aug. 24, 2009).

On March 19, 2010, the Government filed a Motion for Reduction of Sentence under Federal Rule of Criminal Procedure 35(b)(2) and (4). On March 22, 2010, Defendant's sentence was reduced to 140 months' imprisonment.

On March 8, 2011, Defendant filed a motion to vacate under 28 U.S.C. § 2255.[1] The Government has moved to dismiss Defendant's motion, arguing that it is untimely. Defendant has responded in opposition. For the reasons indicated below, the Government's motion is granted.

**DISCUSSION**

The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposed a one-year statute of limitations on petitions under 28 U.S.C. § 2255. Pursuant to § 2255(f), the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to an exception under the AEDPA, a defendant must

---

[1] Because Defendant is incarcerated, he benefits from the "mailbox rule" delineated in *Houston v. Lack*, 487 U.S. 266 (1988). Defendant gave his motion to prison officials to be mailed on March 8, 2011, as evidenced by the institutional stamp affixed to the mailing envelope. Dkt. #56-1 at 2. It was received by the Clerk and docketed on March 10, 2011.

file an application for relief under § 2255 within one year of his conviction becoming final. A defendant's conviction becomes final in a case such as this (where no direct appeal was filed) when the time for filing an appeal expired. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001).

The Judgment Order containing Defendant's sentence was entered on April 18, 2008. Defendant did not file an appeal. Therefore, his conviction and sentence became final on April 29, 2008. Fed. R. Crim. P. 45(a)(1)(A). Accordingly, absent an exception under § 2255 or the application of equitable tolling (discussed below), a motion for relief under 28 U.S.C. § 2255 was due to be filed no later than April 29, 2009. The current motion was filed March 8, 2011.

The AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Defendant would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). In other words, equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented Defendant from filing a petition, or extraordinary circumstances beyond Defendant's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330.

Defendant makes several arguments in opposition to the Government's motion to dismiss. Defendant maintains that he was prevented from timely filing his motion for relief due to various

courts' rulings relating to the retroactivity of the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009). Additionally, Defendant contends that the Fourth Circuit has, by its decision in *United States v. Williams*, 396 Fed. App'x 951 (4th Cir. 2010), "ruled *Chambers* retroactive to [cases on] collateral review . . . ." Resp. at 2 (Dkt. #66, filed May 5, 2011).

Even assuming for purposes of deciding this motion that *Chambers* and *Begay* had been determined by the Supreme Court to apply retroactively to cases on collateral review, both *Chambers* and *Begay* were decided more than a year before Defendant filed the current motion. Additionally, the Fourth Circuit granted relief in *Williams* because the case upon which *Williams* relied (*United States v. Roseboro*, 551 F.3d 226 (4th Cir. 2009)) was no longer good law "as applied to the South Carolina blue light statute." *United States v. Rivers*, 595 F.3d 558, 562 (4th Cir. 2010).

Defendant also presents a variety of dates from which he contends he had a year to file the current § 2255 motion. For example, the "discovery" of an informal brief in the *Williams* appeal in the prison library; the Supreme Court's decision in *Johnson v. United States*, 559 U.S. __, 130 S.Ct. 1265 (2010), the arrival of computerized legal research at the institution where he is currently housed, the granting of a Rule 35 reduction of sentence motion. *See generally* Resp. or Opp. (Dkt. #66 (filed May 5, 2011). None of these dates meets any of the exceptions provided for in the statute.

Defendant's final argument is that he has been diligent in attempting to obtain documents from various courts. However, these documents were sought long after the filing deadline had passed. Nothing precluded Defendant from timely filing a motion to vacate, and then moving to stay proceedings while he attempted to obtain documents necessary to its disposition. Nor would Defendant have been precluded from amending a § 2255 motion with material he deemed material

4

and relevant once received.

For all these reasons, Defendant's motion is untimely. The Government's motion to dismiss is **granted** and this matter is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

 **IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 6, 2011

5